Curia, per

Earle, J.
The object of the motion made in the Circuit Court for leave to discontinue as to Mary Gavin, was to make the record uniform to the declaration, which set out a judgment against John Walker alone. No doubt the plaintiff might, after the judgment of the Court of Appeals, have entered his discontinuance as to Mary Gavin, and thus have retained his verdict against Walker. That judgment was pronounced in 1826. Within what length of time the plaintiff should have discontinued as to Gavin, in order to avail himself of the benefit of the decision, we will not undertake to determine here. It would seem at least that such discontinuance should have been entered before he brought his sci. fa. in 1835, at any time during that period. I apprehend the defendant would have been permitted to sign judgment of nonsuit, as the Court said “ otherwise (that is, if the plaintiff do not discontinue as to Gavin,) the motion must be granted.” We think it was irregular to permit such discontinuance to be entered on the trial of the sci. fa. upon the plea of nul tiel record. There was no such record as had been declared on, and the plaintiff was not entitled to the indulgence of being permitted to alter it so as to make it conform to the count.
Independently of that view of the plaintiff’s case, we are very clear that the demurrer to the plaintiff's replication ought to have been sustained. The very object of pleading is to set forth the facts necessary to the party’s recovery. Every ^material fact should be distinctly averred, that it may be traversed by the other side. When the plaintiff, therefore, sought to avail himself of the judgment of the Court of Appeals, in his replication, he should have averred that the note sued *80 on was a joint and several note, and that in fact he had discontinued as to Mary Gavin. These were both material averments when he was about to offer in evidence a record and judgment against two, jointly, to support a declaration which set out a judgment against one. If in truth he had regularly discontinued before he brought his set. fa., it would have been a judgment against Walker only, and a special replication would have been unnecessary. Upon the pleadings, the plaintiff was not entitled to judgment. The motion to set aside is granted ; and it is ordered that the defendant have leave to sign judgment on demurrer.
See Treasurers vs. Buckner, 2 McM. 325, 1 Rich. 307. An.
O’Neall, Evans and Butler, JJ., concurred.